E-FILED
Tuesday, 25 September, 2018 04:28:02 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LAFETTE L. GORDON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-3128 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

RICHARD MILLS, United States District Judge:

Pending before the Court is the Motion of Petitioner Lafette L. Gordon under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [d/e 1], following the Seventh Circuit's Order authorizing the Court to entertain a Second or Successive Motion for Collateral Review [d/e 2].

Pending also is the Government's Motion to Dismiss the Petitioner's Successive Motion.

The Petitioner challenges his sentence on the basis that he should not have qualified as a career offender because of a conviction under Illinois law for aggravated fleeing or eluding an officer, 625 ILCS 5/11-204.1(a)(4). The Petitioner's presentence investigation report shows that one of the Petitioner's qualifying convictions under U.S.S.G. § 4B1.2(a)(2), the residual clause of the

career offender guideline, was aggravated fleeing in Sangamon County, Illinois, Circuit Court Case No. 05-CF-587. *See United States v. Gordon*, Case Number 09-30092, Doc. 28 ¶ 35. Because of the aggravated fleeing and eluding conviction and a previous conviction for manufacture/delivery of a controlled substance, the Petitioner qualified as a career offender.

The Government seeks to dismiss the Petitioner's successive § 2255 motion on the basis that the plea agreement contained a waiver of his right to collaterally attack his sentence. The Petitioner notes that, pursuant to the plea agreement, he retained the right to challenge the career offender enhancement in a collateral attack.

The Petitioner's motion and the Seventh Circuit's authorization is based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), wherein the United States Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. The Seventh Circuit later held that *Johnson* announced a new substantive rule of constitutional law, which the Supreme Court has made retroactive to final convictions. *See Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015).

The Supreme Court's holding in *Johnson* that the residual clause of the ACCA is unconstitutionally vague did not address the identically worded residual clause of the career offender guideline. At the time the Petitioner filed his motion,

2

therefore, it was uncertain whether the same rule would apply to those who qualified as career offenders because of the residual clause of the career offender guideline.

The Seventh Circuit has found that an Illinois conviction for aggravated fleeing/eluding only qualifies as a crime of violence under the residual clause. *See Welch v. United States*, 604 F.3d 408, 425-26 (7th Cir. 2010). Moreover, this Court relied at sentencing in part upon the Supreme Court's opinion in *Sykes v. United States*, 564 U.S. 1 (2011), in support of its finding that that Petitioner's fleeing and eluding conviction was a crime of violence. In *Johnson*, the Supreme Court overruled *Sykes* when it found the ACCA's residual clause void for vagueness. 135 S. Ct. 2562-63.

In his motion, the Petitioner asserted that *Johnson*'s holding as to the ACCA applies with equal force to the identical residual clause of the career offender guideline. After the briefing was completed in this case, the United States Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Court held the rule in *Johnson* that the residual clause in the ACCA was unconstitutionally vague does not apply to the Guidelines' residual clause because the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause. *See id*. at 890.

*Beckles* was decided on March 6, 2017. Prior to that decision, the Seventh Circuit held in *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016) that vagueness challenges against the guidelines were permissible. *See id*. at 725. The Supreme Court in *Beckles* overruled *Hurlburt*. *See United States v. Cook*, 850 F.3d 328, 333 (7th Cir. 2017) ("This week, the Supreme Court overturned that decision, holding that 'the Guidelines are not subject to a vagueness challenge under the Due Process Clause.'"). Accordingly, the Petitioner's vagueness challenge to the residual clause of the career offender guideline fails.

The Petitioner's successive § 2255 petition depends on the premise that the advisory Guidelines may be attacked as unconstitutionally vague. The Supreme Court has now determined that the reasoning of *Johnson* does not extend to the career offender guideline's residual clause (or any other allegedly vague guideline provision). Because the Petitioner's argument that the guidelines are unconstitutionally vague has now been rejected, the Court will deny the successive § 2255 motion.

The Court concludes that, following the Supreme Court's decision in *Beckles*, the issue of whether the advisory guidelines may be attacked as unconstitutionally vague is no longer one that reasonable jurists might debate. Accordingly, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

Ergo, the Government's Motion to Dismiss the Petitioner's Motion Pursuant to 28 U.S.C. § 2255 [d/e 4] is DENIED.

The Petitioner's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. §2255 [d/e 1] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court denies a certificate of appealability regarding whether vagueness challenges may be raised against the post-*Booker*, advisory Guidelines.

The Clerk will enter Judgment and terminate this case.

ENTER: September 24, 2018

    FOR THE COURT:

    /s/ *Richard Mills*
Richard Mills
United States District Judge